IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DAVID LORENZA JOYNER, #1230707 § | |
| § | |
| VS. § | CIVIL ACTION NO. G-06-728 |
| § | |
| THOMAS A. DAVIS, JR., ET AL. § | |

## REPORT AND RECOMMENDATION

Before the Court are a Motion for Summary Judgment of Defendant Rick Bort, a Motion for Summary Judgment of Defendants Mary Aldous and David Bosserman and a Motion for Summary Judgment of Plaintiff, David Lorenza Joyner.  Having carefully reviewed the Motions and the various responses, this Court now issues its Report and Recommendation to the District Court.

On March 8, 1997, a woman in Brazoria County, Texas, was kidnapped, drugged and sexually assaulted.  During a later sexual assault examination of the victim at the UTMB Women's Center in Pearland, Texas, DNA samples of her assailant were recovered.  Those DNA samples were sent to the Texas Department of Public Safety Lab in Houston, Texas, for storage.

By 2001, Joyner was in prison at the Bill Clements Unit in Amarillo, Texas, as a result of a conviction for an unrelated felony offense.  Because Joyner was on "mood stablizer medication" it was necessary the he submit to regular blood testing.  According to Joyner, Nurse Pope drew some of his blood for a routine blood test and, unbeknownst to Joyner, gratuitously sent a sample of it to the D.P.S. Lab in Houston.  On May 22, 2002, Dennis Loockerman, the supervisor of the Combined DNA Index System (CODIS) at the D.P.S. Lab ran a routine Database search and found that Joyner's DNA matched the sample recovered from the victim of the 1997 sexual assault.  Loockerman notified Bort, the investigating police officer, of the match and Bort

procured a search warrant to collect a DNA sample from Joyner. The DNA sample seized from Joyner pursuant to the warrant also matched the sample recovered from his victim. Joyner was charged with, and apparently indicted for, aggravated kidnapping, a first degree felony. On March 12, 2004, the aggravated kidnapping charge was dismissed after Joyner pleaded guilty to a Information charging him with the less serious crime of sexual assault, a second degree felony. In 2006, Joyner filed this civil rights action.

Joyner's federal claims, as deciphered by this Court, are based upon a peculiar premise. After the DNA match was found in CODIS, Loockerman prepared an affidavit which contained the following paragraph:

> That the Texas DPS CODIS laboratory had on file a bloodstain in its DNA Databank of convicted offenders from David Lorenza Joyner, DOB 11/12/64, SID #03181085 obtained pursuant to Section 1. Chapter 411, Subchapter G, Government Code and that a DNA profile from this individual was entered into the convicted offender index of CODIS.

Joyner alleges that when Nurse Pope sent his blood sample to CODIS, he was not yet serving time for a crime that was listed in the "DNA Database System" statute, Tex. Gov't Code § 411.1471(a),[1] as a crime requiring a DNA submission. Consequently, Joyner argues that Loockerman's affidavit is false as to the recitation of the basis for his DNA profile being in CODIS. Joyner complains that none of the Defendants investigated this matter sufficiently to discover this error and it was, therefore, repeated in police reports and the search warrant application. Joyner now seeks damages and injunctive relief because he believes his constitutional rights have been violated by the Defendants erroneously and/or purposefully "telling the public that Plaintiff had been convicted of an offense that required his DNA to be collected."

---

[1] Sexual assault, to which Joyner pleaded guilty, is a listed offense.

Each of the Defendants has, *inter alia*, asserted the affirmative defense of qualified immunity. The United States Supreme Court has established a sequential analytical approach to determine whether a Plaintiff's allegations are sufficient to overcome a Defendant's defense of qualified immunity asserted in a Motion for Summary Judgment. The District Court must first determine whether the Plaintiff has alleged a violation of a constitutional right at all. County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998)  This is a purely legal question to be decided by the Court. Seigert v. Gilley, 500 U.S. 226, 232 (1991)  In the opinion of this Court, Joyner's allegations fail to clear this initial hurdle.

Joyner has craftily pleaded his federal civil rights claims in such a way that they avoid the Heck v. Humphrey bar.[2] He does not seek recovery of damages for injuries he suffered as a result of being convicted on the basis of illegally seized, inadmissable or false evidence or as a result of prosecutorial misconduct. Rather, he seeks to recover for the damage done to his reputation by the defamatory malicious publication and republication of the libelous statement that prior to March 12, 2004, he had been convicted of a crime requiring the statutory collection of his DNA. Unfortunately, for Joyner, there is no constitutional protection of one's interest in his reputation, even if sufficient facts are pleaded to establish malice on the part of the Defendants. Paul v. Davis, 424 U.S. 693, 701 (1976) see also, Seigert, 500 U.S. at 234  Insofar as Joyner claims a violation of his constitutional right to privacy as a result of the publications, that claim also fails. Joyner's claim has not been recognized by any existing privacy decision and the Supreme Court specifically declined to expand the established "zones of privacy" to include defamation claims. Paul, 424 U.S. at 713  All of Joyner's federal claims are premised upon the perceived stigma imposed by the false information published by the Defendants. Since the Defendants actions do

---

[2] Heck v. Humphrey, 512 U.S. 477 (1994)

not violate any of Joyner's constitutional rights his alleged federal claims are not cognizable and the Defendants are, therefore, entitled to their immunity defense. Under the circumstances, the Court sees no need to address the other bases alleged by the Defendants in support of their Motion for Summary Judgment.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that "Joyner's Global Summary Judgment Motion on all Defendant" (Instrument no. 22) be **DENIED**; "Defendant, Detective Rick Bort's Motion for Summary Judgment" (Instrument no. 15) and the "Motion for Summary Judgment of Defendants Mary Aldous and David Bosserman" (Instrument no. 16) be **GRANTED**; that all federal claims asserted by Joyner be **DISMISSED with prejudice**; and that all of Joyner's **state law claims be REMANDED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties, who **SHALL** have until **June 22, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____30th_____ day of May, 2007.

_____
John R. Froeschner
United States Magistrate Judge